Richard **RYCHART**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–2554

Court of Appeals of Alaska.

July 28, 1989.

---

Dick L. Madson, Fairbanks, for appellant.

Karla Taylor–Welch, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Richard Rychart was convicted, following a jury trial, of driving with his license revoked (DWLR). AS 28.15.291(a). He appeals his conviction on the ground that the trial court erroneously admitted the prior recorded testimony of Jerry Wilson, who refused to testify. We reverse.

Rychart testified at the criminal trial of Jerry Wilson, who had been charged with driving while intoxicated (DWI). Wilson and Rychart both testified that on December 21, 1986, Rychart drove Wilson to several drinking establishments and then drove Wilson home. Wilson's defense was that he was not driving that day and that the troopers had fabricated a story to prosecute him. To support Rychart's testimony that he had driven Wilson to and from the Clear Water Lodge, Wilson's attorney introduced a copy of a check written by Rychart to the Clear Water Shopping Center. The jury, in a note to the court, indicated that the shopping center and the lodge were separate entities, and the discrepancy cast doubt on the entirety of Rychart's testimony. The jury subsequently convicted Wilson of DWI.

The state then charged Rychart with DWLR for his alleged driving on December 21, 1986, because his license was revoked at that time. The state wanted to use Jerry Wilson as a witness in Rychart's trial and apparently subpoenaed Wilson. Wilson made it known to Rychart's defense attorney that he would refuse to testify. The state then filed a motion for an order allowing admission of Wilson's prior recorded testimony in the event that he was unavailable at trial. Rychart filed a motion *in limine* to exclude the hearsay evidence. District Court Judge Earl Slater held a hearing on the motions on January 25, 1988. He ruled that Wilson's recorded testimony was admissible under Alaska Evidence Rule 804(b)(5), because it was offered as evidence of a material fact and because it was more probative on the point for which it was offered than any other evidence which the state could produce through reasonable efforts.

Wilson indicated at several subsequent hearings that he would not testify at Rychart's trial. Apparently, a motion for a new trial was pending in Wilson's case, and he wished to invoke his fifth amendment right not to testify against himself. Judge Slater told Wilson that he had to testify. Wilson persisted on claiming that he had a fifth amendment right not to testify. Judge Slater determined that it would be useless to hold Wilson in contempt because he was already incarcerated, and he declared that Wilson was unavailable.

At trial, the state presented two witnesses. The first was Karla Taylor–Welch, the Assistant District Attorney who prosecuted Wilson's case. She identified the tapes in Wilson's trial. The state then played the tapes to the jury. The other witness was Assistant District Attorney Kenneth Roosa, who testified that he was present at the proceeding in which Rychart was charged with DWLR, and that he heard Rychart admit he had been driving on December 21, 1986. The defense presented no witnesses. The jury returned a verdict of guilty of driving while license revoked.

Rychart claims that Wilson's prior recorded testimony was not admissible under Alaska Evidence Rule 804(b)(5). He contends that Judge Slater erred in finding that Wilson was unavailable, and further argues that Wilson's testimony was not

sufficiently trustworthy to be admissible under the rule. Alaska Evidence Rule 804 provides, in pertinent part:

(a) *Definition of Unavailability.* Unavailability as a witness includes situations in which the declarant

(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or

(2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so;

. . . .

(b) *Hearsay Exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . . .

(5) *Other Exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence.

 Rychart argues that Judge Slater could not find Wilson unavailable without first holding him in contempt for refusing to testify. Evidence Rule 804(a)(2) only requires that the declarant refuse to testify despite an order of the court. The rule does not expressly require that the court hold the witness in contempt. In a case where the declarant is already incarcerated, it is not unreasonable for the trial judge to conclude that contempt proceedings would not motivate a witness to testify. Hence, we find that when Wilson refused to testify despite an explicit order from Judge Slater to do so, Judge Slater did not err in finding him unavailable.

Alaska has not addressed the admissibility of prior testimony under Evidence Rule 804(b)(5). The federal courts, however, have addressed the admissibility of grand jury testimony under the identical federal rule. The Ninth Circuit has adopted the following approach to determine whether grand jury testimony possesses "circumstantial guarantees of trustworthiness" equivalent to the other exceptions in Rule 804(b):

In making this determination the trial court should consider the declarant's relationship with both the defendant and the government, the declarant's motivation to testify before the grand jury, the extent to which the testimony reflects the declarant's personal knowledge, whether the declarant has ever recanted the testimony, and the existence of corroborating evidence available for cross-examination.

*United States v. Marchini,* 797 F.2d 759, 763 (9th Cir.1986) (quoting *United States v. Barlow,* 693 F.2d 954, 962 (6th Cir.1982), *cert. denied,* 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983)). The court also noted that if the prior "testimony is direct evidence of guilt or critical proof of guilt, other factors, such as corroboration, must weigh heavily in favor of admissibility." *Marchini,* 797 F.2d at 763. In *Marchini,* the Ninth Circuit found that the grand jury testimony possessed sufficient guarantees of trustworthiness because the declarant had no motive to inculpate the defendant, she was under oath, she had personal knowledge of the facts to which she testified, and she never recanted her testimony. *Id.* at 764.

On the other hand, the Fifth Circuit has found the grand jury testimony of a convicted co-conspirator inadmissible at trial against a criminal defendant. *United States v. Gonzalez,* 559 F.2d 1271 (5th Cir. 1977). The court considered the circumstances surrounding the grand jury testimony and found that they did not provide sufficient guarantees of trustworthiness. The court's decision was based on the following factors: (1) the testimony was given under the threat of contempt; (2) the testimony was in response to leading questions;

(3) the fact that the declarant was under oath was outweighed by the threat of a potential contempt sentence; (4) the declarant's fear of reprisal from co-conspirators may have provided incentive to lie; and (5) the testimony was not subject to cross-examination and was "unsupported by detailed facts." *Id.* at 1273.

The state argues that Wilson's prior testimony meets the trustworthiness requirement of Evidence Rule 804(b)(5) because the statement was made under oath, because Wilson possessed personal knowledge of the event about which he testified, and because Rychart's testimony and Rychart's admission in front of Roosa corroborated Wilson's testimony. The state claims the corroboration may confirm the trustworthiness of a statement.

There is a split among the federal courts as to what role corroboration should play in evaluating the trustworthiness of a statement in order to be admissible under Rule 804(b)(5). The Fourth Circuit has emphasized corroboration when evaluating the trustworthiness of grand jury testimony. *United States v. Garner,* 574 F.2d 1141, 1146 (4th Cir.), *cert. denied,* 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (1978); *United States v. West,* 574 F.2d 1131, 1135 (4th Cir.1978). However, in *Huff v. White Motor Corp.,* 609 F.2d 286, 293 (7th Cir.1979), the Seventh Circuit stated, "Because the presence or absence of corroborative evidence is irrelevant in the case of a specific exception, it is irrelevant here, where the guarantees of trustworthiness must be equivalent to those supporting specific exceptions." The court noted that the circumstances guaranteeing the trustworthiness of a statement for the purposes of Rule 804(b)(5) are those which existed at the time the statement was made. *Id.* at 292. Furthermore, in *Contreras v. State,* 718 P.2d 129, 139 (Alaska 1986), the Alaska Supreme Court indicated that corroboration cannot substitute for reliability in evaluating hearsay statements.

■ If the circumstances surrounding a hearsay statement offer guarantees of trustworthiness equivalent to the circumstances surrounding the specific exceptions in Rule 804(b), then the trustworthiness requirement is met. The other exceptions in Rule 804(b) are: (1) former testimony, when the party against whom the testimony is offered had an opportunity and motive to develop the testimony by direct or cross-examination; (2) a statement under belief of impending death; (3) a statement against interest; and (4) a statement of personal or family history. The Seventh Circuit's decision in *Huff* is correct in its conclusion that none of these exceptions rely on corroboration to guarantee the trustworthiness of the hearsay statements.

■ Another important factor to consider when evaluating the trustworthiness of prior testimony is whether the declarant had a motive to falsify testimony. *Marchini,* 797 F.2d at 763. Wilson was testifying on his own behalf at his trial. He attempted, through his testimony, to exonerate himself of any wrongdoing. Addressing the reliability of a codefendant's statements, the United States Supreme Court noted, "Due to his strong motivation to implicate the defendant and to exonerate himself, a codefendant's statements about what the defendant said or did are less credible than ordinary hearsay evidence." *Lee v. Illinois,* 476 U.S. 530, 541, 106 S.Ct. 2056, 2062, 90 L.Ed.2d 514 (1986) (quoting *Bruton v. United States,* 391 U.S. 123, 141, 88 S.Ct. 1620, 1630, 20 L.Ed.2d 476 (1968) (White, J., dissenting)). Although Rychart and Wilson may not technically be codefendants, Wilson certainly had a strong motivation to implicate Rychart, although inadvertently, and to exonerate himself.

The most significant factor relating to the trustworthiness of Wilson's testimony is that the jury in his own trial did not find that it cast a reasonable doubt on his own guilt. The state contends, and it is conceivable, that the jury in Wilson's trial believed that Rychart had driven Wilson around during the afternoon and still believed that Wilson later drove while intoxicated. The discrepancy in the evidence at Wilson's trial, however, which apparently discredited Wilson's and Rychart's testimony, was relevant to the time period for which Rychart

was charged for driving—during the early afternoon.

The circumstances surrounding Wilson's testimony do not support a finding that there were guarantees of trustworthiness equivalent to those of the other exceptions in Rule 804(b). Wilson clearly had a motive to lie, and the jury in his trial apparently believed that he was lying. Therefore, we find that the testimony lacked the requisite circumstantial guarantees of trustworthiness.

Although the trial court may not have erred in finding Wilson's testimony to be evidence of a material fact and more probative on the point for which it was offered than any other evidence which the state could produce, the court did err in failing to address the entirety of Rule 804(b)(5). The requirements are conjunctive, not disjunctive, and the court must find that a hearsay statement is sufficiently trustworthy before admitting it into evidence. Therefore, we find that the trial court abused its discretion in allowing the state to introduce Wilson's prior recorded testimony at Rychart's trial.

The state does not argue that any error was harmless. In fact, the state argues that Wilson's testimony was necessary because the only evidence of Rychart's offense was Rychart's own admissions and Wilson's testimony. The state concedes that the defendant cannot be convicted by his confession alone. *See* 4 Torcia, *Wharton's Criminal Evidence* § 648 at 201 (1987). Therefore, it is clear that the error was not harmless.

The conviction is REVERSED.