959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richie C. STREM, Defendant-Appellant.
 No. 90-10562.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided April 1, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richie C. Strem appeals his conviction, following a jury trial, of filing false income tax returns in violation of 26 U.S.C. § 7206(1). Strem contends that the district court erred by allowing the government's expert witness to comment on the credibility of other witnesses' testimony. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The admission of expert testimony is a matter within the broad discretion of the trial judge and will be reversed on appeal only for manifest error. United States v. Fleishman, 684 F.2d 1329, 1335 (9th Cir.), cert. denied, 459 U.S. 1044 (1982). A district court has discretion to allow an agent of the Internal Revenue Service to testify as an "expert summary witness" based upon the agent having heard the testimony of the other witnesses and having reviewed the government's exhibits. United States v. Marchini, 797 F.2d 759, 765-66 (9th Cir.1986), cert. denied, 479 U.S. 1085 (1987). Nevertheless, an expert witness is not permitted to testify specifically about a witness's credibility or to testify in such a manner as to "improperly buttress" a witness's credibility. United States v. Binder, 769 F.2d 595, 602 (9th Cir.1985); see also United States v. Brodie, 858 F.2d 492, 496 (9th Cir.1988).
 
 
 4
 Here, the district court did not err by allowing IRS Agent Wiggins to testify as an expert summary witness and to identify the portions of the other government witnesses' testimony upon which he had based the figures in the summary charts he had prepared. See Marchini, 797 F.2d at 765-66. Wiggins did testify that he relied on the other witnesses' testimony that Strem's checks represented gross pay, and therefore concluded that Strem's assertions to the contrary were "incorrect" or "misstatements." Nevertheless, Wiggins's testimony did not withdraw from the jury the ultimate determination of the credibility of the witnesses, nor prevent the jury from weighing the evidence presented by Strem in support of his argument that the checks represented net pay. Finally, Wiggins's testimony was not offered merely to assess the credibility of the other witnesses, nor did his testimony have the effect of improperly buttressing their credibility. Cf. Binder, 769 F.2d at 602 (where verdict necessarily turned on the credibility of the defendant and the children whom he had allegedly molested, expert testimony was improperly admitted where it was offered to prove that the children "were able to distinguish reality from fantasy and truth from falsehood"); Brodie, 858 F.2d at 496 ("expert testimony is properly excluded when it merely assesses the credibility of a taxpayer"). Accordingly, we affirm the district court's judgment.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Strem's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Strem's motion to file a late reply brief is granted