46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas GORDON, Defendant-Appellant.
 No. 93-50794.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Jan. 23, 1995.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant-Appellant Thomas Gordon appeals his conviction for tax fraud under 26 U.S.C. 7206(1). Gordon has served as a member of the Los Angeles County Sheriff's Department and was convicted for not reporting currency he seized from drug busts. Although we hold that the district court erred by admitting evidence of Gordon's use of excessive force, we find that this error was harmless and affirm his conviction.
 
 
 4
 * Gordon first argues that the district court improperly admitted, under the catch-all exception to the hearsay rule, a statement made by Gordon's wife. A witness reported that Laura Gordon told friends during a party in a restaurant that she was scared about the ongoing investigation in the Sheriff's Department, because she had seen Gordon destroy papers at home. This group of friends included two Sheriff's Reserve Deputies, a former Sheriff's Deputy, and an active Sheriff's Deputy. Laura Gordon had once served as a Sheriff's Deputy.
 
 
 5
 We review de novo, as a question of law, whether a district court correctly construed a hearsay rule. United States v. Layton, 855 F.2d 1388, 1398 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989). We review a district court's admission of evidence under an exception to the hearsay rule for abuse of discretion. United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). We hold that this statement is admissible under Fed.R.Evid. 804(b)(5), the "catch-all" exception to the hearsay rule.
 
 
 6
 Under Rule 804(b)(5), evidence otherwise barred as hearsay is admissible if the declarant is unavailable and the evidence is offered as evidence of a material fact, is more probative than any other evidence which could reasonably be procured, and serves the interests of justice. The evidence must also have circumstantial guarantees of trustworthiness equivalent to those of other exceptions to the hearsay rule. Fed.R.Evid. 804(b)(5); Guam v. Ibanez, 880 F.2d 108, 113 n. 5 (9th Cir.1989), cert. denied, 496 U.S. 930 (1990).
 
 
 7
 Two recent cases consider whether a statement made by the spouse of a defendant to a third party, providing inculpatory evidence, can be admitted under Rule 804(b)(5) when the spouse is unavailable to testify because the spouse has invoked the spousal or marital privilege. United States v. Chapman, 866 F.2d 1326, 1330 (11th Cir.), cert. denied, 493 U.S. 932 (1989); United States v. Marchini, 797 F.2d 759 (9th Cir.1986), cert. denied, 479 U.S. 1085 (1987). In Chapman, the 11th Circuit considered whether a statement made by the defendant's wife to authorities that indicated her husband had robbed a bank, could be admitted under Rule 804(b)(5) through the testimony of the officer who heard the statement. The Chapman court considered a variety of factors to determine the statement's trustworthiness, including whether the truth of the statement's assertion was corroborated by other evidence. Chapman, 866 F.2d at 1330.
 
 
 8
 In Marchini, this court considered whether the grand jury testimony of the defendant's spouse could be admitted under Rule 804(b)(5). The defendant was charged with filing false tax returns, and his wife had been his company's bookkeeper before their marriage. She had testified before the grand jury before her marriage to defendant. This court found that the district court had properly determined that this testimony was trustworthy. The court had found that her testimony was confirmed by the testimony of other witnesses, that there was no apparent effort on her part to inculpate the defendant and no apparent motive for her to distort the truth, that she was under oath and represented by counsel, that her testimony was related solely to facts within her personal knowledge, and that she never recanted her testimony. Marchini, 797 F.2d at 764.
 
 
 9
 Here, Mrs. Gordon's statement is not a declaration against penal interest, because she would not reasonably expect to be subject to punishment for witnessing her husband's actions. See Williamson v. United States, 114 S.Ct. 2431, 2435 (1994) ("Rule 804(b)(3) is founded on the commonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true."). The court below correctly determined that Mrs. Gordon's statement did not fall within this exception to the hearsay rule. Thus, the statement is inadmissible hearsay if it is not admissible under Rule 804(b)(5).
 
 
 10
 However, Mrs. Gordon's statement does have guarantees of trustworthiness similar to a statement against interest, because her statement inculpates her husband, and was made to others who were aware of the Department's investigation, who would understand the severity of the statement's implications, and who would also know how to report this information to the authorities. No evidence was presented to show that Mrs. Gordon intended to inculpate her husband falsely. Under the circumstances, it seems unlikely that Mrs. Gordon would lie about this incident. Gordon argues that the witness's testimony about Mrs. Gordon's statement is inadmissible for lack of corroboration, because no other person present heard the statement. However, Chapman and Marchini do not require particular corroboration of the piece of evidence at issue. Rather, the fact that no one else testified to hearing Mrs. Gordon could affect the weight the jury attached to the evidence, but not its admissibility.
 
 
 11
 In this case, other evidence supports the truth of Mrs. Gordon's statement by providing direct evidence of Gordon's illegal activities. Several other witnesses testified to Gordon's theft of currency, and the government produced evidence that Gordon had deposited cash into his bank account that he had not reported as income. Under prevailing case law, Mrs. Gordon's hearsay statement is sufficiently corroborated to be admissible under Rule 804(b)(5).
 
 II
 
 12
 Second, Gordon asserts that the prosecutor made improper remarks during his trial. He claims that the prosecutor improperly injected her personal opinion that the witnesses who corroborated Gordon's explanation for how he received this additional cash were not believable. Gordon also claims that the prosecution accused defense counsel of fabricating testimony that actually was in the record. Finally, Gordon argues that the prosecution's statement that Gordon had not adequately accounted for the cash improperly shifted the burden of proof.
 
 
 13
 We review the evidentiary decisions of the district court for abuse of discretion. United States v. Diaz, 961 F.2d 1417, 1418 (9th Cir.1992). Because the defense failed to object at trial to the prosecution's mischaracterization of defense counsel's portrayal of evidence, the court's decision to allow this argument is reviewed for plain error. United States v. Tarazon, 989 F.2d 1045, 1051 (9th Cir.1993). These statements were all made during closing argument, when courts are generally more lenient in allowing parties to argue the facts produced at trial. United States v. Foppe, 993 F.2d 1444, 1450 (9th Cir.) ("[W]hile [the government] may strike hard blows, [it] is not at liberty to strike foul ones.") (quoting Berger v. United States, 295 U.S. 78, 88 (1935)), cert. denied, 114 S.Ct. 615 (1993). We find abuse of discretion if "in the circumstances of the trial as a whole, the remarks were so prejudicial that they ... deprived the defendant of a fair trial." Foppe, 993 F.2d at 1450 (quoting United States v. Patel, 762 F.2d 784 (9th Cir.1985)).
 
 
 14
 We are not persuaded that the prosecutor's remarks expressing her opinion of the credibility of Gordon's witnesses went beyond argument, so that allowing them was an abuse of the district court's discretion. Nor do we find that the prosecutor's misstatements about defense counsel's statements were plain error. The government presented ample credible evidence for the jury to find Gordon guilty of tax fraud. Finally, Gordon's argument that the prosecutor's comments on his failure to account for the cash improperly shifted the burden of proof (and was therefore erroneously admitted) finds no support in our case law. Comments on Gordon's failure to produce evidence did not amount to an erroneous shift in the burden of proof, especially when the court then gave an accurate instruction to the jury on the burden of proof. See United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991).
 
 III
 
 15
 Third, and most significant, Gordon claims that the court erred by improperly admitting testimony that he had used excessive force on prisoners. The prosecution called a witness, former sheriff's deputy Eufrasio Cortez, who testified to his own misconduct while with the Sheriff's Department, including thefts of evidence, perjury, and incidents of excessive force. In this testimony, Cortez testified that Gordon stole currency and taught Cortez how to steal evidence and falsify records. Cortez claimed that one important reason he was motivated to come forward to testify was because his mother-in-law had died and he was emotionally devastated. Cortez testified that he was very close to his wife and her family.
 
 
 16
 On cross examination, defense counsel questioned Cortez about prior inconsistent statements and prior acts of lying. Cortez admitted that he had beaten his wife and fired a shot at her on one occasion. On redirect, Cortez admitted he had lied to protect Gordon both in Gordon's theft activities and Gordon's use of excessive force. Defense counsel objected that these questions went beyond the scope of the direct examination. The court allowed the prosecution to re-open direct examination to make certain the redirect examination did not go beyond the scope of the direct examination. The prosecutor asked Cortez about specific instances of excessive force he had participated in along with Gordon, purportedly to show that Cortez had lied to protect Gordon in the past, thus adding credibility to his testimony describing the thefts. Cortez then described in detail two occasions that he specified "we haven't talked about at all," where he and Gordon had used excessive force on suspects. One occasion involved Gordon strangling a suspect into unconsciousness with a wet towel. Over defense's objection, Cortez's testimony was allowed, with a limiting instruction to the jury that the jury should use the evidence only to judge Cortez's credibility.
 
 
 17
 On Gordon's motion for a mistrial, the court ruled that Gordon's counsel had "opened the door" to this evidence by questioning Cortez about his own violent acts against his wife, and by eliciting from Cortez that the instances of excessive force he had described did not include Gordon.
 
 
 18
 Under Rule 404(b), evidence of other crimes, wrongs, or acts "is not admissible to prove the character of a person in order to show acts in conformity therewith" unless offered to show "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed.R.Evid. 404(b); see also United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993); United States v. Bowman, 720 F.2d 1103, 1105 (9th Cir.1983). If evidence is admissible under Rule 404(b), the court may nevertheless exclude it "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed.R.Evid. 403; see also United States v. Hodges, 770 F.2d 1475 (9th Cir.1985). However, otherwise inadmissible evidence may be admitted if the objecting side "opened the door" to the issue. United States v. Muniz, 684 F.2d 634, 639 (9th Cir.1982). Again, we review the district court's decision to admit this evidence for abuse of discretion.
 
 
 19
 We cannot agree with the district court that the defense opened the door to Cortez's testimony about Gordon's use of excessive force. On direct examination, Cortez provided general information that sheriff's deputies used excessive force during Cortez's tenure with the Sheriff's Department. During direct examination, he also admitted to lying. During cross examination, Gordon's counsel probed these responses further, in an attempt to impeach Cortez's credibility by demonstrating inconsistencies in his testimony, his propensity to lie, and that his offered reason for coming forward--affection for family--might be suspect because he mistreated his wife. Gordon's counsel also asked Cortez whether Gordon worked with him during the time of one particular incident of excessive force.
 
 
 20
 This court permits otherwise excludable testimony to be brought in via the "opening the door" doctrine when the opponent party has provided only part of the story, so additional testimony would provide the fact-finder with a more accurate picture. See United States v. Beltran-Rios, 878 F.2d 1208, 1212 (9th Cir.1989) (discussing cases). We see no clarifying purpose served by introducing the excessive force evidence at issue here. The fact-finder's evaluation of Cortez's credibility would not be assisted by it, and the evidence in no way helps the fact-finder evaluate Gordon's indicted charges. This kind of evidence is also highly inflammatory. The district court erred when it determined that defendant's questions about Cortez's conduct with his wife, and question to determine whether Gordon and Cortez worked together during a particular incident opened the door for the prosecution to elicit detailed information about Gordon's use of excessive force on prisoners in two previously unraised instances.
 
 
 21
 However, to reverse the district court's judgment of conviction, we must also find that the error affected the verdict. We reverse for nonconstitutional errors in admitting evidence only if it is more probable than not that the erroneous admission of the evidence materially affected the jury's verdict. Arambula-Ruiz, 987 F.2d at 605.
 
 
 22
 We can not find that the excessive force evidence had a material effect on Gordon's verdict. The court below gave a limiting instruction to the jury the day after the jury heard the testimony--an instruction supplied by defense counsel:
 
 
 23
 You heard evidence of other acts by the defendant, specifically, allegations he engaged in excessive force while a member of the Los Angeles Sheriff's Department. You may consider that evidence only as it bears on the testifying witness' [sic] credibility and for no other purpose. The defendant is not on trial for any acts other than those alleged in the indictment.
 
 
 24
 Furthermore, although the jury convicted Gordon of tax fraud, they did not convict him of a second charge in his indictment for money laundering. This indicates that the jury was not blindly prejudiced against Gordon by this evidence, and used the evidence before it for the proper purposes.
 
 IV
 
 25
 In conclusion, we hold that Mrs. Gordon's statement was admissible under the "catch-all" exception to the hearsay rule, Rule 804(b)(5). We also hold that the prosecutor's remarks do not amount to misconduct sufficient to warrant reversal. Finally, although we find that the court below erred by permitting a witness to testify to defendant's use of excessive force, we hold that this error did not materially affect the verdict. Therefore, we affirm Gordon's conviction.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The Honorable Danny J. Boggs, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3