**John HARRINGTON, Plaintiff—Appellee,**

v.

**CITY OF REDWOOD CITY, Defendant,**

and

**J. Rodrigues, Sgt., # 154; W. Grant, Officer, # 266; R. Injejikian, Officer, # 279; K. Carlsmith, Officer, # 283, Defendants—Appellants.**

No. 99–17239.
D.C. No. CV–97–01781–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2001.

Decided April 10, 2001.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  16 U.S.C. § 1331 *et seq.*

Before MAGILL,* FERNANDEZ, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

 Defendants argue that the district court improperly allowed Harrington

---

\* The Honorable Frank J. Magill, Senior Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to amend his complaint to replace the fictitious names with the names of the actual defendants, because the statute of limitations had run and Harrington did not qualify for relation-back under California law.[1] But defendants did not assert the statute of limitations as an affirmative defense in either their original or amended answer and did not raise this defense at trial. Rule 8(c) requires that a statute of limitations defense be pleaded or it is waived.[2] Defendants failed to preserve this defense.

■ The district court's jury instruction on excessive force was not a misstatement of law. The instruction laid out the important point of law that excessive force is measured by the force a reasonable and prudent law enforcement officer would use under the circumstances.[3] We said in *Scott* that "the appropriate inquiry is whether the officers acted reasonably, not whether they had less intrusive alternatives available to them."[4] But this statement was in the context of *Scott*'s holding that the police are not required to use the least intrusive means possible. And the

instruction acknowledges this. *Scott* did not hold that jurors are prohibited from considering alternatives to decide whether the force used was reasonable. The district court was within its discretion in instructing the jurors that they could consider reasonable alternatives. We have previously stated that reasonable alternatives may be a factor to consider in excessive force cases.[5]

■ Moreover, the district court did not abuse its discretion in declining to give defendants' requested jury instructions. The defendants' requested instructions were all various statements from our excessive force cases assessing the reasonableness of police conduct. The district court's instruction gave the jury the controlling law on excessive force. The district court has broad discretion in the formulation of jury instructions,[6] and need not give all those proposed.[7]

■ The district court did not abuse its discretion in admitting the taped police interview statement of Steve Hortin under the residual exception to the hearsay rule.[8]

1. California's relation-back provisions apply in place of Rule 15(c) because this is a § 1983 action. *See Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir.1989).

2. *See* Fed.R.Civ.P. 8(c); *U.S. Postal Service v. American Postal Workers Union*, 893 F.2d 1117, 1122 (9th Cir.1990); *see also, In re Estate of Ferdinand E. Marcos Litigation*, 978 F.2d 493, 495 n. 2 (9th Cir.1992) (noting that statute of limitations is affirmative defense which is waived if not asserted before trial).

3. *See Headwaters Forest Defense v. County of Humboldt*, 240 F.3d 1185, 1206–07 (9th Cir. 2001) ("To resolve the merits of an excessive force claim, the question is whether a reasonable officer could have believed that the force used was necessary under the circumstances.").

4. *Scott*, 39 F.3d at 915.

5. *See Chew v. Gates*, 27 F.3d 1432, 1440 n. 5 (9th Cir.1994) ("In some cases for example,

the availability of alternative methods of capturing or subduing a suspect may be a factor to consider.").

6. *See Abromson v. American Pacific Corp.*, 114 F.3d 898, 902 (9th Cir.1997) (reviewing district court's formulation of civil jury instructions for abuse of discretion).

7. *See Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 212 (9th Cir.1988) ("A jury instruction is adequate, even if it does not use the exact words proposed by a party, incorporate every proposition of law suggested by counsel, or amplify an instruction, if the instruction given enables the jury to determine the issue intelligently.").

8. *See* Fed.R.Evid. 807; *United States v. Marchini*, 797 F.2d 759, 762 (9th Cir.1986) (noting that a district court's decision to admit evidence, including the admission of hearsay statements offered under the residual exception, is reviewed for abuse of discretion).

Hortin's statement falls under the ambit of Rule 807. Hortin had critically important eyewitness testimony, was the only person without a strong interest in the outcome, and was dead. There is a substantial guarantee of trustworthiness because Hortin was a law enforcement officer himself, and was talking on a tape recorder to the inspectors from the district attorney's office. Moreover, the usual concern about hearsay, no opportunity to cross examine, was partly absent, because it was the district attorney's office that was interviewing Hortin.

■ Substantial evidence supported the jury's verdict of negligent infliction of emotional distress against Officers Grant, Injejikian and Carlsmith.[9] Defendants did not object to the jury instruction on negligent infliction of emotional distress and do not appeal that instruction. The instruction did not require that the negligent infliction of emotional distress be attached to any other tort. It just said that if the officers were negligent, and this caused Harrington emotional distress, the officers were liable. And there is substantial evidence that Officers Grant, Injejikian and Carlsmith were negligent. The jury was entitled to find that these three officers did not use excessive force, but were negligent in allowing and facilitating Officer Rodrigues's use of excessive force, and in failing to bring Harrington any water to wash the pepper spray out of his eyes.

AFFIRMED.

---

**9.** *See Syufy Enterprises v. American Multicinema, Inc.,* 793 F.2d 990, 1001 (9th Cir.1986) (reviewing jury verdict for substantial evidence).