**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ronnie Lynn SMITH, Defendant—Appellant.**

**No. 04–30258.**

United States Court of Appeals, Ninth Circuit.

Submitted May 2, 2005.*

Decided May 11, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

877

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff—Appellee.

Evangelo Arvanetes, FDMT—Federal Defenders of Montana, Great Falls, MT, for Defendant—Appellant.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM **

Smith appeals from his judgment of conviction and sentence[1] for assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1153(a) and 113(a)(3). He contends the district court coerced the jury into rendering a unanimous guilty verdict after the jury foreperson indicated to the court that the jury was deadlocked at seven to five.

We must uphold the district court's modified *Allen* charge, *see Allen v. United States,* 164 U.S. 492, 501–02, 17 S.Ct. 154, 41 L.Ed. 528 (1896), unless "it's clear from the record that the charge had an impermissibly 'coercive effect' on the jury." *United States v. Ajiboye,* 961 F.2d 892, 893 (9th Cir.1992) (citations omitted). Although the district judge failed to warn the jurors that they should not change their convictions solely for the purpose of returning a verdict, "we look not only to the form of the jury charge, but also to the amount of time of deliberation following the charge, the total time of deliberation, and any other indicia of coerciveness or pressure." *United States v. Estacio,* 64 F.3d 477, 482 (9th Cir.1995). The jury deliberated for a substantial period of time after the court's modified *Allen* charge, the jury asked to review the testimony of Emery Red Eagle, and defense counsel failed to object to the judge's comments at the time of the colloquy. *See id.; Ajiboye,* 961 F.2d at 894; *United States v. Daas,* 198 F.3d 1167, 1180 (9th Cir.1999). The fact that the judge was inadvertently informed of the jury's numerical division does not require reversal, because neither the judge's questions nor the jurors' answers shed light on the identity of any holdout jurors. *See Estacio,* 64 F.3d at 482. In sum, it has not been shown that the charge had an impermissibly coercive effect, and it did not constitute plain error. *See United States v. Marchini,* 797 F.2d 759, 767 (9th Cir.1986).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We will address his sentencing challenge in a separate memorandum disposition.

We *affirm* the judgment of conviction. We hold the mandate, however, pending our filing of a separate memorandum disposition addressing Smith's challenge to his sentence.