**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**William Dean COOK, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Susan Ellen O'Brien, Defendant—**
**Appellant.**

Nos. 06–50605, 06–50610.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2007.*

Filed Dec. 21, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan Hechtkopf, Esq., John Hinton, III, Esq., U.S. Department of Justice, Tax Division, Charles B. O'Reilly, Esq., Washington, DC, U.S. Atty's Office, Southern District, Criminal Division, San Diego, CA, for Plaintiff–Appellee.

Michelle Betancourt, Esq., Federal Defenders of San Diego, Inc., Alex Landon, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM **

Defendant William Dean Cook appeals his conviction on five counts of aiding and abetting tax evasion under I.R.C. § 7201 and 18 U.S.C. § 2. Defendant Susan O'Brien appeals her conviction of one count of conspiracy to defraud the government under 18 U.S.C. § 371; six counts of tax evasion under I.R.C. § 7201; six counts of aiding and abetting tax evasion under I.R.C. § 7201; and thirty-four counts of aiding the preparation of false tax returns under I.R.C. § 7206(2).

We affirm the convictions of both Defendants. However, we remand Mr. Cook's case to the district court for resentencing.

### A. Sufficiency of the Evidence Claims.

Cook and O'Brien challenge the sufficiency of the evidence against them, arguing that the government failed to prove that they willfully violated the tax law. We review de novo the sufficiency of the evidence, *United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002), and affirm the district court as to both defendants.

"[W]illfulness is an element in all criminal tax cases," *United States v. Bishop,* 291 F.3d 1100, 1106 (9th Cir.2002), which "may be inferred from all the facts and circumstances of a defendant's conduct." *United States v. Marchini,* 797 F.2d 759, 766 (9th Cir.1986).

■ As to Mr. Cook, there was evidence he (1) knowingly helped his employer avoid IRS collection efforts, including buying gold coins to help her conceal cash assets, (2) paid himself under the table, (3) caused false W–2s to be issued for his employer, (4) never fully cooperated with IRS investigators, and (5) was not filing his own taxes. This is more than sufficient evidence for a rational trier of fact to find that he wilfully aided and abetted the tax evasion committed by his employer. *See Spies v. United States,* 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418 (1943); *Carranza,* 289 F.3d at 641–42; *Marchini,* 797 F.2d at 766.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ As to O'Brien, who has significant education and experience in the tax field, there was evidence she (1) failed to report income on her 1987 tax returns and did not pay any taxes in 1988 or 1989, (2) received numerous warnings the procedures she was promoting to customers and using in her own financial affairs were likely improper, (3) encouraged the use of those procedures to exaggerate expenses, (4) improperly created intangible assets to take deductions against, and (5) aided clients in misleading IRS agents during audits. Again, this is more than sufficient evidence for a rational trier of fact to find that she wilfully violated the tax law. *See id.*; *United States v. Daniel,* 956 F.2d 540, 543 (6th Cir.1992); *United States v. Diamond,* 788 F.2d 1025, 1030 (4th Cir.1986); *United States v. Snow,* 529 F.2d 224, 226 (9th Cir.1976).

## B. O'Brien's Expert Testimony Claim.

O'Brien argues that by limiting the testimony of her expert the district court violated her constitutional rights to a fair trial, to present a defense, and to present witnesses on her behalf. We review for abuse of discretion, *United States v. Sandoval–Mendoza,* 472 F.3d 645, 652 (9th Cir.2006), and affirm.

"The trial court may, and perhaps must, exclude ... testimony that extends beyond the witness's demonstrated expertise." 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 702.04[6] (Joseph M. McLaughlin ed., Matthew Bender 2d ed.2007) (1975) (citing, *inter alia, U.S. v. Chang,* 207 F.3d 1169, 1172–73 (9th Cir.2000)). The district court did not abuse its discretion in evaluating the extent of the proffered witness's expertise,

nor did it abuse its discretion in excluding testimony that went beyond his expertise.

## C. Cook's Sentencing Claim.

Cook argues that the district court erred by not granting him a four-level sentencing reduction under § 3B1.2 of the United States Sentencing Guidelines ("USSG"), and that his sentence was unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We review de novo the district court's interpretation of the Sentencing Guidelines, *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005), and remand for resentencing.

■ As was the case before *Booker,* district courts must calculate a sentencing range accurately. *United States v. Mix,* 457 F.3d 906, 911 (9th Cir.2006). "A misinterpretation of the Guidelines by a district court effectively means that [the district court] has not properly consulted the Guidelines." *Id.* (internal quotation marks omitted). Here, because USSG § 3B1.2 provides exclusively for a two, three, or four-level reduction, the district court misinterpreted the Guidelines—and thus miscalculated the range—by granting Cook a one-level reduction.[1] Thus, we "remand for resentencing pursuant to 18 U.S.C. § 3742(f), without reaching the question of whether the sentence as a whole is reasonable." *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006).

**AFFIRMED** in part, **REVERSED** and **REMANDED** in part.

---

1. We do not decide whether Cook was substantially less culpable than his co-participants, such as the tax preparers working for O'Brien, nor whether he was entitled to any sentencing reduction under USSG § 3B1.2.