UNITED STATES of America, Appellee,

v.

Santiago PANZARDI–LESPIER, a/k/a "Chago", Defendant, Appellant.

No. 86–2140.

United States Court of Appeals,
First Circuit.

Heard Sept. 12, 1990.

Decided Nov. 9, 1990.

Carlos Pérez–Olivo, San Juan, P.R., for defendant, appellant.

José A. Quiles, Asst. U.S. Atty., Hato Rey, P.R., with whom Daniel F. López–Romo, U.S. Atty. Hato Rey, P.R., and Carlos A. Pérez, Asst. U.S. Atty., San Juan, P.R., were on brief, for appellee.

Before TORRUELLA and CYR, Circuit Judges, and BOWNES, Senior Circuit Judge.

TORRUELLA, Circuit Judge.

On appeal is the conviction and judgment entered by the United States District Court for the District of Puerto Rico. Appellant Santiago Panzardi–Lespier was convicted and sentenced for conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 844(a), 843(b), and 846. For the reasons stated below we affirm.

## FACTS

Appellant was arrested and charged on April 18, 1985. The prosecution alleged that on or about April 3 and 4, 1985, Panzardi–Lespier and three others conspired to possess with intent to distribute 122.97 grams of heroin. In furtherance of this conspiracy on April 3, Panzardi–Lespier, José Panzardi–Alvarez and Henry Castro–Poupart met with a confidential informant, Avelino Cabrera–Diaz. During this meeting the participants discussed the purchase of two ounces of heroin and supplied the informant with a sample. Thereafter, 46.-57 grams of the narcotic were delivered. On the following day, another 53.4 grams of heroin were delivered by Panzardi–Lespier to the confidential informant. All these meetings were observed by special narcotics task force agents and recorded by the informant with task force equipment. After every meeting, the informant would return the recording machine along with the tapes and substances obtained. With regard to the substance, field tests were performed providing a positive reaction for opium derivative. The recordings were placed in special evidence envelopes. Agents then proceeded to listen to and copy the recordings. Thereafter, the recordings were taken to be enhanced by a special task force agent who kept them under his custody at all times. The purpose of this enhancement was to eliminate background noise.

On November 9, 1985, the confidential informant was murdered. His body was identified on November 16, 1985, and José Panzardi–Alvarez was charged with the murder. This charge was pending on January 13, 1986, the first day of trial in the case which is the subject of this appeal.

During the first day of trial, the Assistant United States Attorney provided counsel for the defense with a copy of the dead informant's grand jury testimony. On the third day of trial, the government announced that it intended to use that testimony under Rule 804(b)(5) of the Federal Rules of Evidence. On the seventh day of trial the government was allowed to read into evidence the grand jury testimony of Avelino Cabrera–Diaz.

The evidence used by the government to convict appellant included the grand jury testimony of the murdered informant, the testimony of the surveillance officers, a video tape showing appellant and the informant exchanging money, and several tape recordings made by the informant containing the conversations he held with appellant. Panzardi–Lespier was sentenced *in toto* to a term of imprisonment of 19 years and a $50,000 fine. The issues on appeal are whether it was error for the trial court to admit the informant's grand jury testimony and whether it was error to admit the tape recordings into evidence.

## DISCUSSION

I. *Grand Jury Testimony*

A. Rule 804(b)(5)

■ The dispute about admissibility focuses on Fed.R.Evid. 804(b)(5).[1] Appellant

---

1. Rule 804(b)(5) provides that:

    (5) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable ef-

forts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement

argues that it was error to admit the deceased informant's grand jury testimony because it was not trustworthy and because the district court did not comply with the pre-trial notice requirement of Rule 804(b)(5). We review the district court's application of the catch-all hearsay exception provided by Rule 804(b)(5) under an abuse of discretion standard. *Cook v. United States*, 904 F.2d 107, 111 (1st Cir. 1990); *United States v. Zannino*, 895 F.2d 1, 7 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990).

### 1. Trustworthiness

In *United States v. Zannino*, we analyzed Rule 804(b)(5) stating that it "provides that statements made by an unavailable declarant—and few declarants are more 'unavailable' than dead men," may be introduced if they are "accompanied by 'circumstantial guarantees of trustworthiness.'" *Zannino*, 895 F.2d at 7. But first a court must find that the statement is offered as evidence of a material fact, it is probative on the point for which it is offered, and justice will be best served by its admission. *See also Zannino*, 895 F.2d at 7.

Several circuits have read Rule 804(b)(5) to allow the admission of grand jury testimony, *see United States v. West*, 574 F.2d 1131 (4th Cir.1978), particularly where the declarant is no longer available and the requisite indicia of reliability exist. *See Zannino*, 895 F.2d at 6; *see also United States v. Guinan*, 836 F.2d 350, 358 (7th Cir.1988), *cert. denied*, 487 U.S. 1218, 108 S.Ct. 2871, 101 L.Ed.2d 907 (1988); *United States v. Marchini*, 797 F.2d 759, 764–65 (9th Cir.1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1288, 94 L.Ed.2d 145 (1987); *United States v. Walker*, 696 F.2d 277, 280–81 (4th Cir.1982), *cert. denied*, 464 U.S. 891, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983); *United States v. Barlow*, 693 F.2d 954, 963–65 (6th Cir.1982), *cert. denied*, 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983); *United States v. Carlson*, 547 F.2d 1346 (8th Cir.1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977). In each of these cases the determination of admissibility was based on an exhaustive factual analysis and the encompassing circumstances of the case. *See West*, 574 F.2d at 1134–38.

Courts have consistently provided that former testimony is trustworthy when it is given under oath, when it is not implausible and when it is solidly corroborated. *Zannino*, 895 F.2d at 6–7; *see, e.g., United States v. Workman*, 860 F.2d 140, 144–46 (4th Cir.1988), *cert. denied*, 489 U.S. 1078, 109 S.Ct. 1529, 103 L.Ed.2d 834 (1989). Additional factors of reliability have been found to be: whether the witness testified about matters within his personal knowledge, *Zannino*, 895 F.2d at 6–7 (citing *Marchini*, 797 F.2d at 765), whether the informant appeared without the protection of immunity, *see Guinan*, 836 F.2d at 352, and whether the witness' version of the events has been impeached. *Zannino*, 895 F.2d at 7.

The record in this case reveals that the court, after a careful analysis of the facts, properly tested the admissibility of the disputed testimony, examining the evidence through proof of corroboration and reliability. *West*, 574 F.2d at 1137–38; *United States v. Garner*, 574 F.2d 1141 (4th Cir.1978); *United States v. Murphy*, 696 F.2d 282 (4th Cir.1982), *cert. denied*, 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1303 (1983); *Carlson*, 547 F.2d at 1357. Specifically, the district court stated that the testimony of the special task force agents, the recordings and the heroin obtained, corroborated the information contained in the deceased informant's grand jury testimony. Thereafter, the court went on to rule that special circumstances were present in this case, particularly the fact that the declarant was unavailable because he had been murdered, and that one of the co-defendants had actually been charged with this murder.

Upon review, we find the district court properly determined the admissibility of the testimony in question and we agree that the evidence on the record supports

and the particulars of it, including the name and address of the declarant.

the determination that the informant's testimony was reliable. Therefore, viewing the evidence as a whole, we agree with the district court that the statement made by the informant before the grand jury contained sufficient guarantees of trustworthiness.

### 2. Timely notice

■ Appellant argues that the government failed to comply with the formal notice requirement of Rule 804(b)(5) when it failed to provide pre-trial notice that it was going to use the informant's grand jury testimony. Panzardi–Lespier argues that this requirement should be strictly interpreted.

The Second Circuit has held that the formal notice requirement of Rule 804(b)(5) must be strictly complied with. *United States v. Ruffin*, 575 F.2d 346, 358 (2d Cir.1978). By contrast, several other circuits have held that the purpose of the notice provision is satisfied even though notice is given after the trial begins, as long as there is sufficient opportunity provided for the adverse party to prepare for and contest the admission of the evidence offered pursuant to the rule. *United States v. Bailey*, 581 F.2d 341, 348 (3d Cir.1978); *Carlson*, 547 F.2d at 1355; *Lloyd v. Professional Realty Services, Inc.*, 734 F.2d 1428, 1434 n. 15 (11th Cir. 1984), *cert. denied*, 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985) ("In affirming the district court's application of the notice requirement in this case, we do not foreclose the possibility that a liberal application may, in other cases, be acceptable under our deferential standard for reviewing district court evidentiary rulings.").

In *Furtado v. Bishop*, 604 F.2d 80 (1st Cir.1980), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1979), a civil case, this circuit rejected the rigid interpretation of the pre-trial notice requirement in favor of the flexible approach adopted by most courts. In that case we found that there was sufficient evidence to support an inference that counsel had adequately prepared to meet the evidence contained in the statement submitted pursuant to Rule 804. The panel in that case, however, clearly stated that it was adopting an even more flexible approach than most courts because it was a civil case. We must now examine the issue in the context of a criminal case.[2]

A review of the legislative history of Rule 804(b)(5), is of little value. It reveals, however, concerns about "injecting too much uncertainty into the law of evidence and impairing the ability of practitioners to prepare for trial." H.R.Rep. No. 650, 93d Cong., 2d Sess. 5–6 (1973), *reprinted in* 1974 U.S.Code Cong. & Admin.News 7051, 7079. *See Furtado*, 604 F.2d at 91–92 n. 13. Consistent with this concern, other courts have stated that "[b]y examining the adequacy of the notice and the time allowed to prepare to meet a statement offered pursuant to these rules, a reviewing court may determine whether the adverse party has had 'a fair opportunity to prepare to contest the use of the statement.' " *Bailey*, 581 F.2d at 348 (quoting H.R.Rep. No. 1597, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Admin. News 7106.).

The testimony in question was handed to appellant's counsel on the first day of trial, seven days prior to its admission into evidence. The statement is short[3] and straightforward and was consistent with, and corroborated by, other evidence on the record. Thus, appellant can hardly claim surprise as to its content. Upon review of the particular circumstances of this case, we agree with the district court that appellant's counsel had ample time to review the grand jury statement and had sufficient opportunity to prepare a defense of the

---

**2.** In *United States v. Doe*, 860 F.2d 488, 492 n. 3 (1st Cir.1988), this court interpreted the Rule's pre-trial notice requirement. Fed.R.Evid. 803(24). In that case we applied the flexible approach in a criminal context and specifically stated we had no intent to water down the requirement. "Even under a flexible approach, evidence should be admitted only when the proponent is not responsible for the delay and the adverse party has an adequate opportunity to examine and respond to the evidence." *Id.*

**3.** The testimony consists of eight pages of trial transcript.

case. Therefore, we hold that allowing the jury to hear the dead informant's testimony before the grand jury is in harmony with both the interest of justice and the general purposes of the Rules of Evidence. *See* Fed.R.Evid. 102.[4]

## II. The Tape Recordings

Appellant alleges three errors: that the recorded conversations were inaudible and therefore should not have been admitted into evidence; that the conversations were not transcribed; and, finally, that the Sixth Amendment Confrontation Clause was violated because the informant was not present for the introduction of the tapes.

### A. Admissibility

■ The admissibility of recordings lies within the sound discretion of the trial court and it will not be reversed unless there is an abuse of discretion. *United States v. Santana,* 898 F.2d 821, 823 (1st Cir.1990); *United States v. Carbone,* 798 F.2d 21, 24 (1st Cir.1986) (citing *United States v. Cortellesso,* 663 F.2d 361, 364 (1st Cir.1981)); *see also United States v. Grego,* 724 F.2d 701, 704 (8th Cir.1984). Specifically, a district court has broad discretion in ruling on the admissibility of tape recordings, *United States v. Shukitis,* 877 F.2d 1322, 1327 (7th Cir.1989), even though certain portions of the recordings are inaudible. *United States v. McIntyre,* 836 F.2d 467, 470–71 (10th Cir.1987). The fact that portions of the tapes are unintelligible is not necessarily an impediment to the admission of the tapes. *United States v. Bernal,* 884 F.2d 1518, 1523–24 (1st Cir. 1989); *United States v. Mittleider,* 835 F.2d 769 (10th Cir.1987), *cert. denied,* 485 U.S. 980, 108 S.Ct. 1279, 99 L.Ed.2d 490 (1988). Finally, the rule in this circuit provides "that where a recording is challenged on the grounds of inaudibility the question is whether 'the inaudible parts are so sub-

stantial as to make the rest more misleading than helpful . . .' " *Bernal,* 884 F.2d at 1523 (quoting *Carbone,* 798 F.2d at 24).

■ In the instant case the court held a hearing to determine the audibility and authenticity of the tapes. During this hearing the court received the testimony of the task force agents regarding the surveillance of appellant, the general investigation, and the chain of custody of the tapes. It further heard the testimony of the expert who had enhanced and filtered the recordings to eliminate background noises. Thereafter, and prior to trial, the court heard the tapes and ruled that the tapes were authentic, substantially audible and trustworthy. In light of the fact that the evidence supports the district court's decision, we conclude that the court did not abuse its discretion in admitting the tapes even though they contained some inaudible portions. *See McIntyre,* 836 F.2d at 470.

### B. The transcripts

■ As with the tapes, and indeed with most evidentiary rulings, the standard of review for the use of transcripts is abuse of discretion. *United States v. Devous,* 764 F.2d 1349, 1354 (10th Cir.1985). What constitutes the evidence are the contents of the recordings, not the transcripts. *Carbone,* 798 F.2d at 26; *United States v. Richman,* 600 F.2d 286, 295 (1st Cir.1989); *United States v. Nashawaty,* 571 F.2d 71, 75 (1st Cir.1978). Further, a transcript is not a prerequisite for the admission of recorded conversations; rather, transcripts are used to assist the jury in following tape recording playbacks. *United States v. Rengifo,* 789 F.2d 975, 980 (1st Cir.1986).

■ The record reveals that the district court, during the hearing held to determine the credibility of the tapes, carefully examined the tapes as well as the transcripts. The court found, pursuant to defense coun-

---

**4.** Rule 102 provides:
These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.

Commentators have suggested that a rigid application of the notice requirement may be at odds with the overriding goals of truth and fairness set out in Rule 102. 4 *J. Weinstein & M. Berger's Evidence* ¶ 803(24)[01] at 803–380 (1990). *See also Lloyd v. Professional Realty Services, Inc.,* 734 F.2d at 1434 n. 15.

sel pleadings, that the transcripts contained several inaccuracies and thus should not be used by the jury. Considering that the transcripts are not a prerequisite to the admission of tapes and that the purpose of the district court's ruling was to avoid confusing the jury, we hold that the district court did not abuse its discretion in so ruling.

### C. The Confrontation Clause

■ Finally, Panzardi–Lespier contends that because the informant was not present, the introduction of the tapes violated his rights under the Sixth Amendment Confrontation Clause of the United States Constitution. *United States v. Fernández,* 892 F.2d 976 (11th Cir.1989). We disagree.

Courts have held that out-of-court statements may be admitted at a criminal trial in a variety of circumstances. *Bourjaily v. United States,* 483 U.S. 171, 183–84, 107 S.Ct. 2775, 2782–83, 97 L.Ed.2d 144 (1987); *see also Zannino,* 895 F.2d at 5; *United States v. Seeley,* 892 F.2d 1, 2 (1st Cir. 1989); *United States v. Fields,* 871 F.2d 188, 192–93 (1st Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 369, 107 L.Ed.2d 355 (1989). In fact, where a declarant's unavailability has been demonstrated, the Confrontation Clause may be satisfied if the statement bears adequate "indicia of reliability." *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). The "mission of the Confrontation Clause is to advance a practical concern for the accuracy of 'the truth-determining process in criminal trials by assuring that the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.'" *Dutton v. Evans,* 400 U.S. 74, 89, 91 S.Ct. 210, 220, 27 L.Ed.2d 213 (1970) (quoting *California v. Green,* 399 U.S. 149, 161, 90 S.Ct. 1930, 1936–37, 26 L.Ed.2d 489 (1970)); *see also Zannino,* 895 F.2d at 5. The "mission" is satisfied when the evidence falls within a firmly rooted exception to the hearsay principle such as the exceptions contained in Rule 804(b)(5). *Id.* Therefore, because we have already determined that the testimony in question falls under the

hearsay exception of Rule 804(b)(5), we reject appellant's contentions.

For the reasons stated above, the sentence and judgment are hereby

*Affirmed.*