UNITED STATES of America,
Plaintiff,

v.

[1] Lorenzo MUÑOZ FRANCO, [2] Francisco Sanchez Aran, [3] Ariel Gutierrez Rodriguez, [4] Wilfredo Umpierre Hernandez, [5] Enrique Gutierrez Rodriguez, [6] Rafael Dominguez Wolff, Defendants.

No. CRIM 95–0386(DRD).

United States District Court,
D. Puerto Rico.

Nov. 27, 2000.

Maria Dominguez-Victoriano, Desiree Laborde-Sanfiorenzo, Edna C. Rosario-Munoz, Jorge E. Vega-Pacheco, U.S. Attorney's Office Dist. of P.R., Hato Rey, PR, for plaintiff.

Harry Anduze-Montano, San Juan, PR, Jorge L. Arroyo-Alejandro, San Juan, PR, Graham A. Castillo-Pagan, Hato Rey, PR, Francisco M. Dolz-Sanchez, San Juan, PR, Ramon Garcia-Garcia, Santurce, PR, Andres Guillemard-Noble, Nachman, Guillemard & Robello, San Juan, Pr, Joseph C. Laws, Fed. Public Defender Office, San Juan, PR, Michael S. Pasano, Zuckerman Spaeder Taylor & Evans, Miami, FL, Domingo A. Quiles-Rosado, Hato Rey, PR, Ricardo L. Rodriguez-Padilla, San Juan, PR, David W. Roman, San Juan, PR, Joseph J. Rucci, Rucci, Burnham, Carta and Edelberg LLP, Darien, CT, Maria H. Sandoval, Santurce, PR, Pedro Zorrilla–Martinez, San Juan, PR, for defendants.

Kevin G. Little, David Efron Law Offices, Rio Piedras, PR, for intervenor-plaintiff.

Alberto J. Perez-Hernandez, Law Offices of David Efron, Rio Piedras, PR, for movant.

### *OPINION & ORDER*

DOMINGUEZ, District Judge.

On July 27, 1998 the government requested that the deposition testimony of the then deceased former board of director of Caguas Central Federal Savings Bank. Mr. Gilberto Pol ("Pol"), be admitted into evidence at trial. (Docket No. 438). Co-defendants, Ariel and Enrique Gutiérrez Rodriguez ("Gutiérrez Defendants"), opposed (Docket No. 445), and were later joined by co-defendant. Francisco Sánchez Arán ("Sánchez") (Docket No. 447). The government's motion was originally granted by the Court. (Docket No. 487). Thereafter, the prosecution's request to withdraw its motion (Docket No. 515), was granted. (Docket No. 520).

Pending before the Court is the government's renewed request to admit Pol's deposition testimony and an additional request to admit the deposition testimony of a fellow board of director, now deceased. Mr. Juan E. Hernández Alfonzo ("Hernández") into evidence at the upcoming trial. (Docket No. 774). The Gutiérrez Defendants again opposed admittance. (Docket No. 788).

The government requests admission of the deposition testimonies pursuant to hearsay exceptions Rules 804(b)(1) and 807. *See* FED.R.EVID. 804(b)(1) & 807. The Court therefore assumes that the deposition testimonies are hearsay requiring an exception for admission. *See* FED. R.EVID. 801(c), 802. The prosecution as the movant shoulders the burden of demonstrating that hearsay evidence is admissible and consequently that every element of the exception is met. *See United States v. Bartelho*, 129 F.3d 663, 670 (1st Cir. 1997); *United States v. Omar*, 104 F.3d 519, 522 (1st Cir.1997).

### *I. Rule 804(b)(1)*

The Court begins with the text of Rule 804(b)(1):

**(b) Hearsay exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

**(1) Former Testimony.** Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another

proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. FED.R.EVID. 804(b)(1). The Court holds that the declarants, being deceased, are unavailable. *See* FED.R.EVID. 804(a)(4); *United States v. Yefsky*, 994 F.2d 885, 898 (1st Cir.1993) (The movant must demonstrate that the Declarant is now unavailable for former deposition testimony to be admissible under Rule 804(b)(1)). Thus, the Court narrows its focuses on whether the prosecution has demonstrated that the two depositions constitute "former testimony." *See United States v. McKeeve*, 131 F.3d 1, 6 (1st Cir.1997) (For Rule 804(b)(1) to be applicable the government must show "(1) that the witness was unavailable, and (2) that the deposition constituted former testimony.").[1]

Defendants do not refute that the depositions complied with the strictures of the law. To this the Court sees no problems.

▮ Rather, the Gutiérrez Defendants do contest that the depositions were taken in the course of "the same or another proceeding." FED.R.EVID. 804(b)(1). More specifically, the Gutiérrez Defendants argue that they were not notified as parties or persons with interests of the proceeding in connection with the taking of the alluded deposition, nor were they participants in the depositions and thus, the government fails the "opportunity and similar motive" test. The Court agrees and explains.

Pol's deposition was taken on July 29, 1992 and Hernández's deposition was taken on September 29, 1992. The prosecution states simply that Pol and Hernández were deposed by the Resolution Trust Corporation ("RTC") as a result of an investigation into the failure of Caguas Central Federal Savings Bank ("Caguas"). To begin with, the prosecution admits that "Mr. Hernández and Mr. Pol were not cross-examined by the defendants." (Docket No. 774, p. 4). Further,

> "[a]t the time, all the parties in interest were notified of the taking of depositions. Thus, **defendants Lorenzo Muñoz Franco and Francisco Sánchez Arán** were afforded 'an opportunity and similar motive to develop the testimony' of adverse parties in a former proceeding . . . . it would be an unfair proposition to preclude the government from using the depositions of unavailable declarants, even though duly notified at the time, the defendants chose not to exercise their right to cross-examination."

(Docket No. 774) (emphasis added). Notably, the government's request is not limited to specific defendants and the Gutiérrez Defendants are not specifically mentioned as having been notified nor having been present at the subject depositions in the government's motion. More importantly, the Court requires that the prosecution presents some corroborating evidence of its blanket statement that "[a]t the time, all the parties in interest were notified of the taking of depositions," includes all defendants that the prosecution intends to offer the deposition testimony against. Thus, at this point, the Court cannot determine with any degree of certainty whether all defendants (including the Gutiérrez Defendants) were afforded an opportunity to exercise the right to cross-examine the deponents. *See Siegfriedt v. Fair*, 982 F.2d 14, 17 (1st Cir.1992) ("Former testimony in the same case generally comes within a recognized hearsay exception if the declarant is unavailable and the party resisting the offer has had a 'complete and adequate opportunity to cross-examine.'" (citations omitted)); *United States v. Deeb*,

---

1. When evidence is properly admitted under Rule 804(b)(1), the ruling is impervious to a Confrontation Clause assault. *See United States v. McKeeve*, 131 F.3d at 6 ("We join these courts and hold that evidence properly within the former testimony hearsay exception is, by definition, not vulnerable to a challenge based upon the Confrontation Clause.").

13 F.3d 1532, 1535 (11th Cir.1994), *cert. denied*, 513 U.S. 1146, 115 S.Ct. 1093, 130 L.Ed.2d 1062 (1995) (Co-defendant's fulfillment of his opportunity to cross-examine a witness cannot be used to satisfy requirement that a defendant have an opportunity to cross-examine a witness.); 30B MICHAEL H. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 7073 p. 606 (Interim ed. 2000) ("Congress rejected this proposal reasoning that it is 'generally unfair to impose upon the party against whom the hearsay evidence is being offered [in particular the criminal defendant] responsibility for the manner in which the witness was previously handled by another party.' "). For this reason alone the request must be denied.

Notwithstanding, the Court does not hesitate to hold that the government has not placed the Court in a position to grant admission of the depositions for the additional reasons that follow. First, the first indictment in the present criminal proceeding was not filed until November 22, 1995. (Docket No. 2), whereas the depositions were taken in 1992. The prosecution does not aver that the subject depositions were part of these criminal proceedings only that the depositions were taken pursuant to an RTC's investigation. The object of the RTC investigation alluded to by the prosecution, other than that the investigation was a general inquiry into Caguas' failure, and more to the point the object of the depositions in question is unknown to the Court. Adding an additional cloud to the already murky water, a civil case had been spawned due to the failure of Caguas. Thus, there is at minimum an ambiguity as to whether the defendants had a "similar motive" as to development of the deponents' testimony. *See e.g. United States v. Omar*, 104 F.3d 519, 523 (1st Cir.1997) (Prosecutor lacked "similar motive" at the grand jury stage to develop witness' testimony.); [2] *United States v. Lombard*, 72 F.3d 170, 188 (1st Cir.1995) ("The party against whom the prior testimony is offered must have had a *similar*, not necessarily an *identical*, motive to develop the adverse testimony in the prior proceeding.") (citation omitted). Because the prosecution is the proponent of the request for admission, the ambiguity necessarily cuts against admission. *See United States v. Zannino*, 895 F.2d 1, 7 (1st Cir.1990) ("In a criminal trial, it is never enough that certain evidence is not prohibited; the proponent must be able to show, affirmatively, that it is permitted."). The Court holds that the lack of showing of "similar motive" bars the present motion.

Another troubling point for the Court is the government's proffer of Hernández's and Pol's entire depositions. *See United States v. Lombard*, 72 F.3d at 188–89. Perhaps the prosecution can demonstrate that defendants had the "opportunity and similar motive" required as to selected excerpts of the depositions at trial.

In conclusion, depositions can be admissible in criminal proceedings when the elements of Rule 804(b)(1) are fulfilled. *See United States v. McKeeve*, 131 F.3d at 6; *United States v. Acevedo–Ramos*, 842 F.2d 5, 8 (1st Cir.1988); John H. Derrick, *Admissibility of depositions under Federal Evidence Rule 804(b)(1)*, 84 A.L.R.FED. 668, 1987 WL 419706 (1987). However, the prosecution has simply failed to place the Court in the position to determine whether the elements of the former testimony hearsay exception have been met. In sum, the prosecution has not sufficiently demonstrated that the defendants had the requisite "opportunity and similar motive to develop the testimony" sought to be admitted into evidence. Consequently, the

**2.** Although the former testimony exception could apply to grand jury testimony, the First Circuit observed that "it is likely to be very difficult for defendants offering grand jury testimony to satisfy the 'opportunity and similar motive' test." *United States v. Omar*, 104 F.3d 519, 523 (1st Cir.1997); *see United States v. Salerno*, 505 U.S. 317, 112 S.Ct. 2503, 120 L.Ed.2d 255 (1992); Kurtis A. Kemper, Annotation, *Admissibility under Rules 804(b)(1) and 807 of Federal Rules of Evidence (Fed.Rules Evid.Rules 804(b)(1) and 807, 28 U.S.C.A.) of Grand Jury Testimony of Unavailable Witness*, 149 A.L.R.FED. 231, 1998 WL 1032144 (1998).

prosecution's request that the two depositions of Pol and Hernández be admitted pursuant to Rule 804(b)(1) (Docket No. 774) is **DENIED.**

### II. Rule 807

■ Nevertheless, the prosecution proposes that Rule 807 of evidence serve as a white knight vanquishing all adversity and enabling admissibility. The catch-all hearsay exception text follows:

**Rule 807. Residual Exception**

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

FED.R.EVID. 807.[3] Once again, the prosecution seeks to introduce both Pol's and Hernández's depositions in their entirety. The Court notes that the defendants have had adequate notice to dispute the admission of the depositions. *See United States v. Panzardi–Lespier*, 918 F.2d 313, 317–318 (1st Cir.1990) (Timely notice under Rule 804(b)(5), is a condition precedent to admission under Rule 807). However, the Court cannot discern the "material fact[s]" the prosecution intends to establish. Nor has the prosecution delineated the "statement[s]" within the depositions that are "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." *See generally United States v. Zannino*, 895 F.2d at 7–8. Hence, prosecutions proffer is wholly inadequate to clear the above hurdles, much less, the guarantees of truthfulness,[4] admission would be in the interest of justice, and admission would be parallel with the general purpose of the federal rules of evidence. Accordingly, the catch-all exception to the hearsay rule, Rule 807, does not rescue the prosecution's motion to admit the depositions of Pol and Hernández into evidence.

Wherefore, the prosecution's motion (Docket No. 774), is **DENIED.**

**IT IS SO ORDERED.**

■

---

3. "The contents of Rule 803(24) and Rule 804(b)(5) have been combined and transferred to a new Rule 807. This was done to facilitate additions to Rules 803 and 804. No change in meaning is intended." Advisory Committee Notes to FED.R.EVID. 807.

4. "[T]he focus of the trustworthiness inquiry is not on the in-court witness, but on the circumstances in which the declarant's out-of-court statements were made." *United States v. Barone,* 114 F.3d 1284, 1303 (1st Cir.1997) (citing among others *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990)).